UNITED STATES BANKRUKPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

LOWELL RAY HUEPENBECKER and AMY        Case No. DK 12-02269
JO HUEPENBECKER,                        Hon. Scott W. Dales
                                        Chapter 12
                Debtors.

_____/

## MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
            Chief United States Bankruptcy Judge

### I. INTRODUCTION

This dispute over the fees of the chapter 12 trustee's counsel —the second in this case— presents the court with its first opportunity to consider last month's ruling from the Supreme Court in *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158 (2015).  As explained below, that decision requires the court to disallow a substantial portion of the fees billed in connection with the fee dispute between trustee's counsel, Paul F. Davidoff, Esq., and the debtors, Lowell Ray and Amy Jo Huepenbecker (the "Debtors").

Shortly after the United States District Court affirmed the allowance of Mr. Davidoff's first fee application, he filed a second (the "Second Fee Application," DN 87) in which he reported that he expended 13.70 hours representing Joseph A. Chrystler (the "Trustee"), and charged $250.00 per hour for his services.  More than half of that time was spent defending his first fee application before this court and the District Court.  Mr. Davidoff now seeks approval of $3,425.00 in fees, and $48.98 in expenses, and the Debtors, through counsel, filed their objection (the "Objection," DN 88).

After conducting a telephonic hearing on June 30, 2015, at which Mr. Huepenbecker, his attorney (Thomas J. Budzynski, Esq.), and Mr. Davidoff all appeared, the court took the matter under advisement.

## II. JURISDICTION

The court has jurisdiction over the Debtors' bankruptcy case and this contested matter under 28 U.S.C. § 1334(a). Both have been referred to the court by the United States District Court pursuant to 28 U.S.C. § 157(a) and W.D. Mich. LCivR 83.2(a). This controversy is a "core" matter involving case administration and claims allowance under 28 U.S.C. § 157(b)(2)(A) and (B).

## III. ANALYSIS

In considering any fee dispute, the court is guided by the "lodestar" method which considers, among other things, the applicant's reasonable hourly rate and the number of hours reasonably spent. *In re Boddy*, 950 F.2d 334, 337 (6th Cir. 1991). At the outset, the court notes that the Debtors have not challenged Mr. Davidoff's hourly rate —$250— and the court regards it as reasonable given his experience and expertise. Instead, they challenge the fee by contending, more generally, that his services were not necessary or beneficial to the estate.

After the court set the Second Fee Application and the Objection for hearing, but before holding the hearing, the Supreme Court issued its decision in *Baker Botts*. Given the timing of this decision, neither parties' papers considered its impact, so in advance of the hearing the court encouraged the parties to be prepared to discuss it. *See* Letter from Scott W. Dales to Messrs. Budzynski and Davidoff, dated June 29, 2015 (DN 94).

In *Baker Botts*, which involved a chapter 11 debtor's challenge to fees of its own attorney, the Supreme Court held that bankruptcy courts may not award attorney fees to counsel employed by the bankruptcy estate for work performed in defending a fee application. Relying primarily on the "American Rule" (which generally requires litigants to bear their own attorney fees), and the text of § 330(a), the Supreme Court held that tasks performed in litigating a fee dispute do not qualify as "service rendered" to the estate. *Baker Botts*, 135 S. Ct. at 2167.

The Supreme Court's interpretation of the statute, though reached in the somewhat uncommon posture of a dispute between the estate and its own counsel, applies in the more common situation in which strangers to the attorney-client relationship object to fees, such as the Debtors in this case or unhappy creditors in another.[1]

As Mr. Davidoff forthrightly acknowledged during the telephonic hearing, much of the time listed in his Second Fee Application is no longer compensable under *Baker Botts*. He conceded that approximately 5.8 hours included in his current application in connection with the appeal of the court's first fee award would be non-compensable and should be disallowed, but that the remaining 7.9 hours should be compensable.

The court agrees with Mr. Davidoff that all the fees charged in connection with the Debtors' appeal of the court's order approving Mr. Davidoff's first fee application are non-compensable. The court also finds, however, that the time spent defending that fee application, prior to appeal,

---

[1] It is much easier to conclude that defending an estate professional's fee petition against a challenge by the estate itself does not constitute a "service rendered" to the estate, and that in such a contest the litigants should bear their own costs. When, however, the estate intends to pay its counsel over the objection of a third party (such as a creditor or debtor), and the estate's representative supports the professional's request for payment of the administrative expense, the role of the American Rule seems less clear. Indeed, in *Boyd v. Engman*, 404 B.R. 467 (W.D. Mich. 2009), which involved a surplus chapter 7 estate, our District Court allowed administrative expense priority for attorney fees incurred in defending a fee petition against the debtor's challenge. After *Baker Botts*, however, the court is constrained to reject this aspect of the *Engman* decision. *Cf. Ellmann v. Baker (In re Baker)*, Slip Op. 14-2149, 2015 WL 4033098, *4 (6th Cir. July 2, 2015) ("Supreme Court's superseding decision unambiguously abrogates [trial court's ability to [rely on contrary intermediate appellate authority]" even if the Supreme Court's contrary statements may be regarded as *dicta*).

is also non-compensable.  The Supreme Court unmistakably drew a distinction between preparing a fee application, and defending it.  According to the Supreme Court, the Bankruptcy Code allows the former but not the latter.  *See Baker Botts*, 135 S. Ct. at 2167.  The court, therefore, must disallow the entries for time spent defending the first fee application on appeal, but also at the trial level.[2]

Putting aside *Baker Botts*, the Debtors complain that none of Mr. Davidoff's time is compensable because they, not the Trustee, are managing their business, and because their plan proposes a 100% dividend.  The court rejects the challenge, largely for the same reasons it did in its Memorandum and Order dated May 29, 2013 (DN 68), which the District Court affirmed earlier this year (DN 86).[3]  Contrary to the law of the case, the Debtors and their counsel rehash rejected arguments, generally taking aim at the court's confirmation-related decisions rather than the entries in the Second Fee Application.[4]  The court continues to reject these arguments, and with the exception of the entries identified in footnote 2 as noncompensable after *Baker Botts*, finds that Mr. Davidoff assisted the Trustee in performing his duties as trustee under § 1202, and therefore benefited the estate, especially when viewed from the perspective of when he rendered the service. 11 U.S.C. § 330(a)(3)(C).

---

[2] The court disallows the hours spent on: April 11, 12, & 19, 2013; May 7 & 29, 2013; June 10, 2013, June 13 (.2 hours) & 21, 2013; July 3, 10, 18, & 22, 2013; August 1 & 15, 2013; and January 26, 2015.

[3] The court is mindful that Mr. Chrystler, though eminently qualified to serve as trustee by years of experience in that role, is not a member of the bar and therefore cannot engage in the practice of law.  Although a trustee's court-related duties do not invariably involve the practice of law, and although non-lawyer trustees in this (and other courts) capably serve as representatives of their respective bankruptcy estates, they must sometimes retain counsel to seek legal advice and make legal arguments in court.  Because trustees serve in a representative capacity, their right to appear *pro se* in litigation is doubtful.  It is not surprising, therefore, that Mr. Chrystler retained counsel in this case, given Mr. Budzynski's reputation as a zealous (if not litigious) advocate, a reputation borne out in this contested matter and others.  Litigation was foreseeable, and it is sometimes necessary to fight fire with fire.

[4] The tenor of the Objection, which Mr. Davidoff aptly characterizes as "*déjà vu*," tends to corroborate the Trustee's suggestion that Mr. Budzynski, the author of the Objection, is acting out of spite.  The court is making no findings on this issue, however, because the Trustee and his counsel have not pressed the point.

For example, by challenging Mr. Budzynski's own fee petition in November and December, 2012, Mr. Davidoff assisted the Trustee in reviewing an administrative claim under §§ 330(a)(4)(B) and 503, which falls within the Trustee's statutory and customary duties. 11 U.S.C. §§ 1202(b)(1), 704(a)(2) and (a)(5); *see also* Handbook for Chapter 12 Standing Trustees (effective July 1, 2013) at 3-5.[5] The Trustee also has a duty to scrutinize plan modifications, as he did with Mr. Davidoff's assistance according to entries dated August 6, 2013 and September 18-19, 2013. 11 U.S.C. § 1202(b)(3)(C). The court will allow compensation to Mr. Davidoff in connection with these activities.

As discussed above, although the applicable statute does not allow compensation for *defending* a fee petition, *see Baker Botts, supra*, it does allow compensation for *preparing* the fee application. 11 U.S.C. § 330(a)(6). Mr. Davidoff seeks .80 hours on April 24, 2015 for drafting the Second Fee Application, which the court regards as reasonable.

To summarize, the court will allow fees in the amount of $1,500.00, representing 6.0 hours at $250 per hour.[6] The court also finds that expenses in the amount of $48.90 (mostly copying and postage charges) are reasonable and compensable.

## IV. CONCLUSION AND ORDER

The court cannot turn a blind eye to the impact that *Baker Botts* will have on the members of the bar whose livelihood depends on approval of fees under § 330. Today's decision, and Mr. Davidoff's unhappy experience with Mr. Budzynski, presents a telling example of the hardship to estate professionals (and debtors' counsel in chapter 12 and 13 cases) whose fee petitions draw

---

[5] Available at http://www. justice.gov/ust/eo/private_trustee/library/chapter12/index.htm.

[6] The court will allow compensation for the following entries: November 7 & 15, 2012 (2.00 hours); December 14, 2012 (.50); May 3, 2013 (.70); June 13, 2013 (.20); August 6, 2013 (1.00); September 18 & 19, 2013 (.80); and April 24, 2015 (.80).

objection.  Mr. Davidoff has spent at least $1,925.00 of his own (non-compensable) time seeking $6,625.00 in fees for presenting his client.  Constrained by *Baker Botts*, the court will approve fees in a reduced amount, totaling only $4,700.00 for the first and second applications.  This means that Mr. Davidoff will net only $2,781.00, resulting in an effective rate of approximately $146.00 per hour.  The result, though dictated by recent precedent, undermines important policies affecting administration of estates.

This calculation suggests that, in some cases, the court and counsel will have to rely more heavily on Fed. R. Bankr. P. 9011, 28 U.S.C. § 1927, and perhaps other authorities to police frivolous or vexatious objections to fee petitions, and ensure that, as a practical matter, "compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title [11]."  11 U.S.C. § 330(a)(3)(F).  To his credit, Mr. Davidoff did not press for such relief during the telephonic hearing, though the record in this case may have supported it.[7]

Going forward, counsel should be aware that the court will use appropriate measures, including sanctions, to deter unfounded objections and mitigate the peculiar hardships that the American Rule may visit upon bankruptcy professionals entitled to reasonable compensation under § 330(a).

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

(1) The Second Fee Application (DN 87) is GRANTED in part and DENIED in part;

---

[7] The Trustee's affidavit and other filings seem to suggest that Mr. Budzynski vexatiously multiplied proceedings in this case by appealing from the court's first decision to approve Mr. Davidoff's first fee petition, and perhaps by objecting to the second.  *See* Affidavit of Joseph A. Chrystler dated June 5, 2015 (DN 90-1) at ¶ 1.

(2) Fees in the amount of $1,500.00 and expenses in the amount of $48.98 are APPROVED under § 330(a); and

(3) The balance of fees requested are DISAPPROVED under *Baker Botts*.


IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the Debtors, Thomas J. Budzynski, Esq., Paul F. Davidoff, Esq., Joseph A. Chrystler, Matthew Cheney, Esq., and the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated July 13, 2015**



Scott W. Dales
United States Bankruptcy Judge